IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT

FEB 28 2004

CLERK

EUGENE NELSON,

    Plaintiff,

vs.

                                                No. CV-03-1383 JB/ACT

RON LYTLE, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. §1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights complaint. The Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The Court will waive the initial partial payment toward the filing fee, and, for the reasons stated below, will dismiss the complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).



The complaint alleges the state court originally imposed concurrent sentences against the Plaintiff for a maximum term of ten years. The court later vacated the sentences and imposed concurrent life sentences. The Plaintiff contends the superseding sentences are excessive and violate the Ex Post Facto clause of the Constitution. He also asserts that corrections officials have not credited time served against the later sentences. The complaint seeks damages and "discharge from sentence as a Habitual Offender."

The Plaintiff's damages claims call into question the constitutionality of the criminal sentence by which he is incarcerated. These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted plaintiff may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," *Heck v. Humphrey*, 512 U.S. at 487. The complaint does not allege that the Plaintiff's sentence has been set aside, *id.* at 486-87, and his allegations of unconstitutional sentence fail to state a claim cognizable under § 1983, *see Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996)(plaintiff who overturns conviction may bring § 1983 action). The Court will dismiss the Plaintiff's damages claims.

This civil rights complaint also seeks discharge of the Plaintiff's sentence. The Plaintiff must bring a petition for writ of habeas corpus under 28 U.S.C. § 2254 or § 2241 if he intends to challenge the "fact or length of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Rhodes v. Hannigan*, 12 F.3d 989, 991-92 (10th Cir. 1993). Although "a § 1983 action and a habeas corpus action can be joined," *Rhodes*, 12 F.3d at 992, the Plaintiff makes no allegation that he has exhausted state court remedies, *see Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)(exhaustion

-2-

required under 28 U.S.C. §§ 2254 and 2241). The Plaintiff's allegations do not support his claims for relief, and the Court will dismiss the complaint.

**IT IS THEREFORE ORDERED** that the initial partial payment toward the statutory filing fee is WAIVED;

**IT IS FURTHER ORDERED** that the Plaintiff's complaint is DISMISSED without prejudice; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE